

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ANGELA WALKER, §
 §
    Plaintiff, §
 §
VS. § NO. 4:17-CV-488-A
 §
UNITED STATES OF AMERICA, §
 §
    Defendant. §

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of United States of America to dismiss and the supplemental motion to dismiss. Plaintiff, Angela Walker, has failed to respond to the motions, which are ripe for ruling. The court, having considered the motions, the record, and applicable authorities, finds that the motions should be granted.

I.

### Plaintiff's Claim

On June 16, 2017, the clerk received and filed papers submitted by plaintiff instituting this action. By order signed July 24, 2017, the court recognized it as one arising under the Federal Tort Claims Act and ordered that United States be substituted as the defendant.

Plaintiff alleges that on February 6, 2015, she was "overdosed with a deadly dose of Dilantin" by a physician at FMC

Carswell where she was then incarcerated. Doc.¹ 1 at 1. She alleges that the overdose has caused her to become wheelchair-bound and to suffer excruciating pain and mental anguish. Id. She seeks to recover $1,000,000.00. Id.

## II.

### Ground of the Motions

United States maintains that plaintiff has not exhausted her administrative remedies. Thus, sovereign immunity has not been waived and the court lacks jurisdiction of this action.

## III.

### Applicable Legal Standards

When considering a motion to dismiss for lack of subject matter jurisdiction, the court construes the allegations of the complaint favorably to the pleader. Id. However, the court is not limited to a consideration of the allegations of the complaint in deciding whether subject matter jurisdiction exists. Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981). The court may consider conflicting evidence and decide for itself the factual issues that determine jurisdiction. Id. Because of the limited nature of federal court jurisdiction, there is a presumption against its existence. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978); McNutt v. General Motors

---

¹The "Doc. __" reference is to the number of the item on the docket in this action.

Acceptance Corp., 298 U.S. 178, 189 (1936). A party who seeks to invoke federal court jurisdiction has the burden to demonstrate that subject matter jurisdiction exists. McNutt, 298 U.S. at 178; Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921).

IV.

## Analysis

Under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) & 2671-80 ("FTCA"), the United States has granted a limited waiver of sovereign immunity for torts committed by her employees acting within the scope of their employment to the same extent that a private person would be liable under state law. 28 U.S.C. §1346(b)(1). Under the FTCA, claims may only be brought in federal courts and only after the exhaustion of administrative remedies. Lopez v. Sentrillon Corp., 749 F.3d 347, 350-51 (5th Cir. 2014).

Administrative remedies are exhausted by filing a claim with the appropriate agency within two years of the alleged injury. 28 U.S.C. § 2675(a). Presentment of an administrative claim is an absolute jurisdictional prerequisite to filing a lawsuit and must be pleaded and proven by the claimant. Bryan v. Stevens, 169 F. Supp. 2d 676, 684 (S.D. Tex. 2001). Presentment requires the giving of notice of a claim and notice of the monetary value of the claim. Stancomb v. United States, 121 F. Supp. 2d 1019, 1020-

21 (E.D. Tex. 2000). See Bradley v. United States, 951 F.2d 268, 271 (10th Cir. 1991)(notice must be of a sum certain; stating that the claim is "in excess of" an amount is not sufficient). An agency is not deemed to have received notice unless the plaintiff can establish--usually by certified mail receipt--that the agency actually received notice of the claim and notice of the value of the claim. Bryan, 169 F. Supp. 2d at 684; Stancomb, 121 F. Supp. 2d at 1020-21.

In this case, as United States notes, plaintiff does not specifically allege in her complaint that she exhausted her administrative remedies, although her cover letter stated that she submitted a tort claim to the Bureau of Prisons on June 1, 2015, and had not received a response. Doc. 1 at 9. The court also notes that a copy of a Form 95 tort claim dated June 1, 2015, along with a cover letter to Bureau of Prisons was attached to correspondence received by the court from plaintiff on July 21, 2017. Doc. 8 at 12-14. However, plaintiff has not attempted to prove receipt of her claims by the Bureau of Prisons. United States, on the other hand, has submitted declarations stating that the government has no record of any administrative tort claims filed by plaintiff. Because plaintiff has not established that she exhausted her administrative remedies, the court lacks

4

jurisdiction over this action and plaintiff's claim must be dismissed.

V.

Order

The court ORDERS that the government's motion and supplemental motion to dismiss be, and are hereby, granted, and that plaintiff's claim be, and is hereby, dismissed for want of jurisdiction.

SIGNED December 18, 2017.

JOHN McBRYDE
United States District Judge